UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LJUBICA RAJKOVIC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-1508 (RMC) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Plaintiff Ljubica Rajkovic, a resident of Serbia proceeding *pro se*, filed this lawsuit against the Federal Bureau of Investigation and the Department of Justice under, *inter alia*, the Freedom of Information Act, 5 U.S.C. § 552. She contends that she has been "affect[ed] . . . with not-authorized on-going surveillance, covert actions, and play [sic] with her as a target, creating life threatening and/or degrading situations comprising execution of brutal, persistent, and perpetual harassment and discrimination of all types, including the audio-visual and street harassment," and she seeks records in the government's possession that would shed light on those actions.  Compl. [Dkt. 1] ¶ 11. Now before the Court is Ms. Rajkovic's Emergency Motion to Extend Time to File an Appeal.  For the reasons set forth below, her motion will be denied.

Ms. Rajkovic filed a number of filings and motions, including one for "Service of Court Orders," *see* Dkt. 12, which the Court denied as moot because "[a]s part of standard procedure, the Clerk already sends all Court orders to this *pro se* Plaintiff," *see* First Jan. 13, 2012 Minute Order.  Defendants offered to release to Ms. Rajkovic certain records that "that are not normally released because they are administrative records dealing with Plaintiff's FOIA

1

request," and the Court directed Ms. Rajkovic to advise the Court whether she wanted those documents. *See* May 1, 2012 Order [Dkt. 24]. Noting that Ms. Rajkovic had failed to respond to several Orders, including one giving her leave to file an amended complaint, the Court also ordered: "if Plaintiff still wishes to file an Amended Complaint she must do so by no later than June 18, 2012." *Id.*

Ms. Rajkovic never responded, and on July 13, 2012, Defendants filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment. *See* [Dkt. 27]. On July 19, 2012, the Court issued an Order directing Ms. Rajkovic to respond no later than September 18, 2012, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). *See Fox-Neal* Order [Dkt. 28]. Once again, Ms. Rajkovic never responded, although she did file a "Motion for Her Right to Be Informed" dated July 31, 2012, stating merely that she wanted to know "the present status of her proceeding." *See* [Dkt. 29]. On November 27, 2012—more than four months after issuing the *Fox-Neal* Order—the Court dismissed the case without prejudice and ordered that the case be closed.

On April 18, 2013, Ms. Rajkovic filed a "Motion for Relief from the Final Dismissal Order" pursuant to Federal Rule of Civil Procedure 60(b)(3), asserting that the Court's dismissal of her case was "void" because of, *inter alia*, "false service on the Plaintiff." *See* Rule 60(b)(3) Mot. [Dkt. 31] at 1. The Court denied the Rule 60(b)(3) motion, noting that "[t]he Court's routine procedure of sending to *pro se* litigants hard copies of all orders, including minute orders, was followed" and that Ms. Rajkovic "repeatedly failed to comply with the Court's Orders, notwithstanding clear direction, lengthy deadlines, and several opportunities to do so." *See* April 19, 2013 Order [Dkt. 32].

Ms. Rajkovic then filed a Notice of Appeal, dated May 24, 2013 and docketed on May 30, 2013, as to the Court's November 27, 2012, dismissal of her complaint without prejudice. *See* Notice of Appeal [Dkt. 33]. She also filed a "Motion to Extend Time to File Emergency Motion for Reopening the Time to File an Appeal," Dkt. 36, and "Emergency Motion for Reopening the Time to File an Appeal," Dkt. 37. The former is a motion for leave to file the latter, and the motion for leave to file will be granted. In the Emergency Motion for Reopening the Time to File an Appeal ("Emerg. Mot."), Dkt. 37, Ms. Rajkovic asserts that she "was not served with the entry of [the November 27, 2012] Order and she never received notice of the entry of the Order," making her motion to reopen the time to file an appeal timely under Federal Rule of Appellate Procedure 4(a)(6).

The time limit for filing an appeal is mandatory and jurisdictional. *See Browder v. Director, Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978); *Moore v. S.C. Labor Bd.*, 100 F.3d 162, 163 (D.C. Cir. 1996). Under Appellate Rule 4(a)(1)(B), a party has sixty days to note an appeal "after entry of the judgment or order appealed from" when the United States or one of its agencies or employees is a party. Under D.C. Circuit precedent, "dismissal of an action—whether with or without prejudice—is final and appealable," even if a plaintiff "may be able to re-file because the dismissal was without prejudice" because "in the absence of such an affirmative act on [the plaintiff's] part, the case is at an end." *Ciralsky v. CIA*, 355 F.3d 661, 666–67 (D.C. Cir. 2004). Therefore, in this case, Ms. Rajkovic had sixty days from entry of the Court's November 27, 2012 Minute Order to note her appeal. That time period expired with no action from Ms. Rajkovic. Moreover, the time window for Ms. Rajkovic to file a motion to extend the time to note an appeal—thirty days after the expiration of the time to appeal, upon a showing of excusable neglect or good cause, *see* Fed. R. App. P. 4(a)(5)(A) & (C)—likewise

lapsed without Ms. Rajkovic taking action.  The Rule 60(b)(3) motion was not effective to toll the time to for filing an appeal under Rule 4(a)(4) because it was not filed within 28 days of November 27, 2012.  *See* Fed. R. App. P. 4(a)(4)(A)(vi) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of . . . [a motion] for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.").

The Court thus lacks jurisdiction to extend the time to file an appeal unless it can reopen the time for filing an appeal under Fed. R. App. P. 4(a)(6).  "The district court may reopen the time to file an appeal for a period of 14 days . . . but *only if all the following conditions are satisfied*:  (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."  Fed. R. App. P. 4(a)(6) (emphasis added).  Ms. Rajkovic's motion is deficient as to the first requirement because she concedes that she received a copy of the Court's November 27, 2012 Minute Order dismissing this case.  *See* Emerg. Mot. at 1 (acknowledging that she "was served with a copy of an automatic e-mail message in paper form entitled 'Notice of Electronic Filing' for the Order of November 27, 2012").  Ms. Rajkovic received a copy of the minute order pursuant to the Court's regular procedure for mailing copies of minute orders to litigants not registered for ECF.  *See, e.g.*, LCvR 5.4(d)(1), 5.4(e)(3).  Her motion for reopening the time to file an appeal is thus untimely under Appellate Rule 4(a)(6)(A).

Seeking to avoid that result, Ms. Rajkovic construes the Court's November 27, 2012 Minute Order to be legally ineffective as a final order and argues that the time for appeal did not begin to run under Appellate Rule 4(a)(7) and Federal Rule of Civil Procedure 58(a). The Minute Order, stated, in its entirety:

> MINUTE ORDER granting [27] Motion to Dismiss. Plaintiff has failed to respond to the Motion to Dismiss despite the Court's Order to do so by September 18, 2012 pursuant to *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). See Dkt. [28]. The case is therefore dismissed without prejudice. The case is closed. Signed by Judge Rosemary M. Collyer on 11/27/2012.

Ms. Rajkovic is mistaken. The November 27, 2012 Minute Order was a dispositive order for appeal purposes under Federal Rule of Civil Procedure 58(a) and Appellate Rule 4(a)(1) & (7). *See Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1338–39 (9th Cir. 1992) ("A minute order may constitute a dispositive order for notice of appeal purposes if it (1) states that it is an order; (2) is mailed to counsel [or a *pro se* party]; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet."); *see also In re Cahn*, 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) ("Even a minute entry order can be a final, appealable order 'if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act.'" (quoting *In re Sperna*, 173 B.R. 654, 657 (B.A.P. 9th Cir. 1994)). Thus, the November 27, 2012 Minute Order was fully effective as a final, appealable order, and its entry began running of the time to appeal.

Because this Court lacks jurisdiction to grant Ms. Rajkovic's untimely motion to reopen the time for appeal, her motion will be denied. However, the Court notes that Ms. Rajkovic's time for filing a notice of appeal as to the Court's denial of her Rule 60(b)(3) motion has not yet run. That Order was entered on April 19, 2013; a notice of appeal will be timely until June 18, 2013. *See* Fed. R. App. P. 4(a)(1)(B). Although the Deputy Clerk has entered docket

5

text reflecting that Ms. Rajkovic's May 30, 2013 Notice of Appeal is "as to Order on Motion to Dismiss, [Dkt.] 32 Order on Motion for Relief from Judgment [*i.e.*, the April 19, 2013 Order denying the Rule 60(b)(3) Motion]," Ms. Rajkovic's notice of appeal refers only to the November 27, 2012 Order, not the April 19, 2013 Order.  Ms. Rajkovic must thus file a separate notice of appeal complying with Appellate Rule 3(c) if she wishes to appeal the Court's denial of her Rule 60(b)(3) Motion.  *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . .").  The Deputy Clerk will be directed to correct the docket text.

The Court also notes that, apart from an appeal, Ms. Rajkovic has an additional option available if she wishes to pursue the claims she originally asserted.  The Court specifically provided in the November 27, 2012 Minute Order that the dismissal was without prejudice, and thus, Ms. Rajkovic can file a new complaint if she wishes.  The Court dismissed this case due to Ms. Rajkovic's repeated failure to comply with Court orders and, ultimately, her failure to oppose the motion to dismiss, but the dismissal was without any judgment as to the merits of Ms. Rajkovic's claims, as the "without prejudice" dismissal indicates.

A separate memorializing Order accompanies this Memorandum Opinion.

DATE: June 10, 2013

                                                                          /s/
                                           ROSEMARY M. COLLYER
                                           United States District Judge